**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

SENTINEL HOLDINGS LTD,

        Plaintiff,

        v.

MERCYFALLS & CN FL CORP.,

        Defendant.

Case No. 2:24-cv-02191-RFB-EJY

**ORDER DENYING MOTION TO COMPEL ARBITRATION, STAY LITIGATION, OR IN THE ALTERNATIVE, DISMISS**

Before the Court is Defendant MercyFalls & CN FL Corp.'s ("MercyFalls") Motion to Compel Arbitration, Stay Litigation, or in the alternative, Dismiss (ECF No. 8). For the following reasons, the Court denies the Motion with prejudice as to Defendant's primary requests to compel arbitration and stay this case. To the extent the Motion can be construed as a motion to dismiss, it is dismissed without prejudice.

Based on the record, the Court makes the following findings of fact. Plaintiff Sentinel Holdings LTD (formerly known as "JMTM") and Defendant MercyFalls entered into a consulting agreement in 2022, whereby Defendant agreed to identify and introduce companies to Plaintiff for potential acquisition. See ECF No. 1 at 1 (Complaint). The consulting agreement between Plaintiff and Defendant notably does not include an arbitration agreement; neither party disputes this. See generally ECF No. 1-1 (Consulting Agreement). This lawsuit arises out of allegations by Plaintiff that Defendant breached their agreement's non-circumvention clause by entering into a side transaction with United Security Specialists, Inc. ("USSI"), a potential target for acquisition introduced to Plaintiff by Defendant. See ECF No. 1 at 3. This side transaction happened soon after Defendant introduced USSI to Plaintiff. See ECF No. 1 at 4. Plaintiff later acquired USSI, and USSI is undisputedly a wholly owned subsidiary of parent company Plaintiff. See ECF No. 8-

1, ¶¶ 2.4, 6.6 (USSI-MercyFalls Consulting Agreement) [hereinafter "USSI Agreement"], ("[Defendant] shall . . . [a]ct as liaison between JMTM, the public parent company of USSI, and USSI to achieve these goals . . .. It is understood that USSI is a wholly owned subsidiary of JMTM[.]").

The instant Motion to Compel Arbitration is predicated on a dispute resolution provision in the consulting agreement (USSI Agreement) between USSI and Defendant. See generally id. The USSI Agreement acknowledges that Plaintiff is the parent company of USSI, Defendant will serve as a liaison between Plaintiff and USSI in its consulting services, and Defendant has been working closely with Plaintiff in its restructuring and acquisitions. See id. at ¶¶ 2.4, 4.4, 6.6. The agreement's dispute resolution provision provides, in relevant part: "Any disputes arising out of or related to his Agreement shall be resolved through binding *mediation* . . .. The Parties agree to select a mutually acceptable *mediator* . . .. The *mediation* shall take place in Santa Clara, California[.]" Id. at ¶¶ 8.1-3 (emphasis added). The USSI agreement is governed by California law under the contract's own terms. See id. at ¶ 9.3.

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3 & 4). The FAA limits the district court's role to determining whether (i.) the parties agreed to arbitrate, and, if so, (ii.) whether the scope of that agreement to arbitrate encompasses the claims at issue. See Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. See First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Finally, if a district court determines that an issue is within the reach of an arbitration agreement, it may stay legal proceedings until the issue is arbitrated. See 9 U.S.C. § 3; Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

Defendant argues that Plaintiff should be bound to the dispute resolution provision that exists in the USSI Agreement, despite Plaintiff being a non-signatory. Under California law, a court may find a non-signatory bound to an arbitration agreement under six doctrines: "(a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing or alter ego; (e) estoppel; and (f) third-party beneficiary." Benaroya v. Willis, 23 Cal. App. 5th 462, 469 (2018). Defendant does not squarely assert any of these bases to justify their argument; they only repeatedly state that because Plaintiff is "the real party in interest" due to their acquisition of USSI, they should be bound to the agreement USSI signed. See, e.g., ECF No. 8 at 3, ¶ 5. Notably, Defendant has provided the Court zero legal support for this position and failed to include any relevant case law about circumstances where binding non-signatories to arbitration agreements is appropriate. Defendant's assertion that "Plaintiff is indirectly a party to the AAA contract that their subsidiary signed," construed liberally, hints at possible third-party beneficiary, agency, or alter ego theories for binding Plaintiff to the dispute resolution agreement, but these theories legally fail without more. See ECF No. 13 at 3. Further, the USSI Agreement presented by Defendant repeatedly treats USSI and Plaintiff as separate, independent entities with distinct interests—particularly in the provision that states Defendant will serve as a liaison between the pair—which illustrates why Defendant cannot make a showing that any of these six doctrines apply. See ECF No. 8-1, ¶ 2.4.

Moreover, even if Defendant could satisfy one of the six permissible scenarios, Defendant's position fails for a second, basic reason: the agreement Defendant is attempting to enforce is not a valid agreement to arbitrate between Defendant and USSI. The original agreement states the following: "any disputes arising out of or related to this Agreement shall be resolved through binding *mediation* . . . the Parties agree to select a mutually acceptable mediator . . .. the mediation shall take place in Santa Clara, California[.]" ECF No. 8-1, ¶¶ 8.1-3. There is no mention of dispute resolution through *arbitration*, only mediation. Defendant provided an additional exhibit, a letter signed by both Defendant and USSI, wherein those two parties agree to amend the original contract's payment terms. See generally ECF No. 8-2 (USSI Amendment). While there is passing reference to arbitration in this letter, the amendment itself concerns payment terms, not arbitration as argued by Defendant. The letter states, in relevant part: "[Defendant] has agreed to cancel the

need to proceed to arbitration." Id. at ¶ 1. This reference to arbitration does not evidence an intention or agreement by *both parties* to alter the original contract to include an arbitration-specific agreement. It merely shows Defendant changed their mind regarding the need for arbitration in a separate disagreement between Defendant and USSI. Nothing in the document indicates that USSI had actually agreed upon or intended for said arbitration to occur or for an arbitration agreement to exist between the parties. Furthermore, there is an additional exhibit from Defendant, a letter from the AAA, wherein the AAA acknowledges that Defendant had demanded arbitration in this case brought by Plaintiff Sentinel Holdings, but also states that the agreement submitted designates AAA as the administering agency for mediation only, not arbitration. See ECF No. 8-3 (Correspondence from AAA). Taken together, these flaws clearly demonstrate Defendant cannot, under these facts, compel Plaintiff to arbitrate this dispute, necessitating that the Motion be denied with prejudice.

Lastly, Defendant seeks to dismiss the Complaint in the alternative should the motion to compel arbitration be denied. Because Defendant includes exhibits and arguments that go beyond the four corners of the Complaint, this Motion to Dismiss is denied without prejudice and with leave to amend; Defendants are welcome to raise these arguments in a Motion for Summary Judgment, but they are inappropriately raised through the instant Motion. See Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (1984).

**IT IS THEREFORE ORDERED** the Motion to Compel Arbitration, Stay Litigation, or in the alternative, Dismiss (ECF No. 8) is **DENIED with prejudice** as to the Motion to Compel Arbitration and Stay Litigation and **DENIED without prejudice** as to the Motion to Dismiss raised in the alternative. Defendant is **GRANTED** leave to amend and re-file a Motion to Dismiss and/or raise its arguments in a subsequent motion for summary judgment.

**DATED:** March 30, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -