Stephen R. Hackett, Esq.
Nevada Bar No. 5010
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, NV 89145
Tel: (702) 360-6000
-----

Raja Rajan, Esq. (Admitted Pro Hac Vice)
Pennsylvania Bar No. 58849
RAJAN LAW GROUP
1105 William Penn
Bensalem, PA 19020
Attorneys for Defendant MercyFalls & CN FL Corp.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SENTINEL HOLDINGS LTD, F/K/A JAMES MARITIME HOLDINGS, INC., a Nevada Corporation,<br><br>*Plaintiff,*<br><br>vs.<br><br>MERCYFALLS & CN FL Corp, a Florida Corporation,<br><br>*Defendant.* | Case No. 2:24-cv-02191-RFB-EJY<br><br>**DEFENDANT MERCYFALLS & CN FL CORP.'S UNOPPOSED MOTION FOR THIRTY (30) DAY EXTENSION OF TIME TO FILE ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**(FIRST REQUEST)** |

Defendant MERCYFALLS & CN FL Corp. ("MercyFalls" or "Defendant"), by and through its undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule IA 6-1 for a thirty (30) day extension of time, through and including **May 13, 2026**, within which to file its Answer, Affirmative Defenses, and, if applicable, Counterclaims. This is Defendant's first request for an extension of this deadline. Plaintiff does not oppose this request. In support thereof, Defendant states as follows:

## I. BACKGROUND

On March 30, 2026, this Court issued its Order (ECF No. 49) denying Defendant's Motion to Compel Arbitration with prejudice and denying Defendant's alternative Motion to Dismiss without prejudice, with leave to amend. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant's Answer is currently due on or before **April 13, 2026**.

This litigation involves claims arising from a consulting agreement between Plaintiff Sentinel Holdings Ltd. (formerly James Maritime Holdings, Inc.) and Defendant, along with alleged breach of a non-circumvention clause. The Court's Order resolving the arbitration motion has now clarified the procedural posture of the case. Defendant requires additional time to prepare a fulsome Answer and Affirmative Defenses responsive to Plaintiff's Complaint, and to evaluate whether to assert Counterclaims in this proceeding.

## II. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may, for good cause, extend the time to act before the original deadline has expired. Local Rule IA 6-1 similarly requires good cause. Good cause exists here for the following reasons:

**A.   The Court's Order Was Recently Issued and Defendant's Counsel Requires Adequate Time to Prepare a Responsive Pleading.**

The Court issued its Order denying the Motion to Compel Arbitration on March 30, 2026—only days before the current Answer deadline of April 13, 2026. Defendant's counsel now must undertake a comprehensive review of all claims asserted in the Complaint, formulate appropriate Affirmative Defenses, and make a considered determination as to whether Counterclaims are warranted under the facts and applicable law. The fourteen (14) day window provided by Rule 12(a)(4)(A) does not afford sufficient time for counsel to prepare a complete and well-reasoned responsive pleading given the complexity of the claims at issue. A thirty (30) day extension is

reasonable and necessary under these circumstances.

**B.  Defendant Is Evaluating Whether to Assert Counterclaims.**

Defendant is presently evaluating whether to assert Counterclaims against Plaintiff arising from the same nucleus of operative facts underlying this litigation. Counterclaims, if asserted, will materially affect the scope and direction of discovery and may streamline the overall resolution of all related disputes among the parties. A thirty (30) day extension will allow Defendant to make this determination in a deliberate and informed manner, rather than foreclosing potentially meritorious claims through haste.

**D.  No Prejudice Will Result.**

Plaintiff does not oppose this request. No trial date has been set. Discovery deadlines have been addressed by separate stipulation concurrently filed herewith. No party will suffer prejudice from a thirty (30) day extension of Defendant's time to file its responsive pleading. The extension is sought in good faith and not for purposes of delay.

### III. CONCLUSION

For the foregoing reasons, Defendant MercyFalls & CN FL Corp. respectfully requests that the Court enter an Order extending Defendant's deadline to file its Answer, Affirmative Defenses, and Counterclaims (if any) by thirty (30) days, through and including **May 13, 2026**.

Respectfully submitted,

Dated this 7 day of April 2026.

**SKLAR WILLIAMS PLLC**
*s/ Stephen Hackett*
Stephen R. Hackett, Esq.,Nevada Bar No.: 5010
410 South Rampart Boulevard, Suite 350
Las Vegas, NV 89145
---
*Raja Rajan, Esq. (Admitted Pro Hac Vice)*
Pennsylvania Bar No. 58849
RAJAN LAW GROUP
1105 William Penn
Bensalem, PA 19020
*Attorneys for Defendant MercyFalls & CN FL Corp.*

**IT IS SO ORDERED.**

**U.S. MAGISTRATE JUDGE**

**Date:  April 8, 2026**

3